United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABDULLAHI M.S., [1]<br>Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-32 |
| | § | |
| PAM BONDI, *et al.*,<br>*in their official capacities*,<br>Respondents. | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Petitioner requests the Court order Respondents to release him from immigration detention, claiming his detention is statutorily flawed and unconstitutional. Dkt. No. 1 at 22-24. The Government responds with a Motion for Summary Judgement asking the Court to continue detention as mandatory. Dkt. No. 14. Because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), it is recommended the Court deny the Petition.

Petitioner is a Somalia national, currently detained by Immigration and Customs Enforcement at the Port Isaabel Detention Facility in Los Fresnos, Texas. Petitioner entered the United States on October 10, 2024, and thereafter was paroled into the United States. He was subsequently arrested by immigration officials on December 5, 2025 in Minnesota and remains in immigration custody.

After this Court asked the Petitioner to brief the issue on the application of *Buenrostro* to the Petitioner, Petitioner narrowed his challenge to his current detention by immigration authorities as constitutional due process and Administrative Procedure Act ("APA") claims. Dkt. No. 16.

As the parties agree, Petitioner's challenge to the statutory authority under which he is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v.*

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

*Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenges to his detention while his immigration proceedings are pending, whether as unconstitutional or in violation of the APA, fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **GRANT** Respondent's Motion for Summary Judgment (Dkt. No. 14)

(3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 29, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge